Tucker, P.
The argument on the merits of this case has been suspended, for the purpose of settling a preliminary question as to the character of the action. It is a suit brought, not against The Farmers bank of Virginia, which is a chartered institution, but against the branch of that bank at Petersburg, which is not a corporation in itself, but is only an agent of the corporation. Looking to the charter (which though not found in the verdict, is a public law of which we must take notice, Stribling v. Bank of the Valley, 5 Rand. 132.) the court must know that The Farmers bank is a char *88 tered institution, and has a branch established by law in the town of Petersburg. Two questions then present themselves: 1. Whether an action can be maintained against the president and directors of the office of <^scount an(i deposit at Petersburg? and 2. Whether this action is so brought ?
As to the first, it may be considered as definitively settled by the judgment of this court in the case of Tompkins v. The Branch Bank of Virginia; in which two judges, who did not sit in that cause, express, in this case, their entire concurrence. The grounds upon which that decision was made are believed to be unassailable ; and we see no reason to depart from a precedent, which has settled a point of practice and the construction of a statute, for the future government of the profession.
2. Is this an action against the corporation itself, or is it an action against the Branch Bank ? To this it may be answered, in the first place, that there is no sensible distinction in this respect, between the case at bar and that of Tompkins v. The Branch Bank of Virginia, so that, without more saying, that case would determine this. But, secondly, a reference to the declaration ascertains beyond question, that the demand is against the branch and not against the corporation, and the assumpsit is laid accordingly. [The judge quoted the words of the declaration, and said] Language cannot be more plain, and argument would be thrown away in an attempt to prove more clearly, that the action is against the Branch Bank, and not against the corporation itself. It is against the agent, not against the principal. The two boards are distinct, composed of distinct and different individuals, with different powers and authority. The Mother Bank represents the corporation: the Branch Bank does not; it is the mere agent of the corporation, appointed by the stockholders indeed, but only for the management of the branch, “under such agreements *89 and subject to such regulations as shall be deemed proper, not contrary to law or to the constitution of the Bank.” Hence it is obvious, that the two bodies of directors are distinct, and that a suit against the president and directors constituting the bank agency at Petersburg, cannot be a suit against the president directors and company, representing, and indeed constituting the corporation itself. There is, indeed, a further distinction between the Branch and the Bank itself, in their name and style: the true name and style of the former is “ The president and directors of the office of discount and deposit ;” the style of the latter is “ The president, directors and company of the Farmers Bank of Virginia.” The Branch Bank is not the company; and the words “ and company” are in the declaration improperly added to their style. Strike them out, and the company is not sued: insert them, and you erroneously bind up with the company as constituting the corporation, not those who do constitute it, but a set of mere agents who do not.
Many ingenious suggestions have been made for transposing the words of the declaration, so as to make this an action against the corporation. It would be useless to examine them in detail, and to prove their unreasonableness. Suffice it to say, that where the meaning of words is plain, there can be neither necessity nor propriety in additions, transpositions, and rejections as surplusage, for the purpose of meeting the exigencies of a plaintiff’s case. Such is the case here. There is no room for difficulty or doubt, as to the true interpretation of this declaration; and I cannot therefore consent to tear words from their context in one place, and insert them in others, or to reject words as surplusage, in order to make it that which it is not. Nor can I admit for a moment, that this is to be likened to the construction of wills &c. The very authority cited at the bar, repels the idea. “ There is a difference between writs, declarations &c. and leases and obligations; for if the name *90 of a corporation be mistaken in a writ, a new writ may be purchased of common right, but it were fatal if mistaken in leases and obligations, and the benefits of them would be wholly lost; and therefore, one ought to be suPPorte(^ an<^ the other not.” 10 Co. 125. Gilb. C. B. 234. cited 1 Bos. & Pull. 42. 4 Bac. Abr. Misnomer & Addition. D. p. 760.
It was argued, .that the error here is cured by the statute of jeofails. This can only be supported upon what I conceive to be a misconception of the character of the error. It seems to be supposed, that this is but a case of misnomer, which the party must object by plea in abatement. But in my judgment the error lies deeper, and is more fatal. There is, indeed, a misnomer of the Branch Bank in the addition of the words “ and company :” and this, I concede, might be stricken out. But the essential error is, that the suit is brought against defendants who have no corporate character, and yet not against them in their individual characters. Considering the defendants as the Branch Bank (the mere agent of the corporation), and not as a corporation itself, it is a non-entity, incapable of suing or being sued, and incapable of contracting, except on the part of the corporation itself. The declaration makes a demand against parties, who cannot be made liable to an action, and against whom no judgment can ever be rendered. Now, where this is the case, the defect is beyond the cure of a verdict, or of the omnipotent statute of jeofails. “ No proof at the trial can make good a declaration, which contains no grounds of action on the face of it;” Rushton v. Aspinwall, 2 Doug. 679. and there can be no ground of action against persons who cannot contract but as agents for others, and are incapable of being sued.
The same answer may be given to the cases which have been cited. They were cases of mere misnomer. In one of them, The mayor and burgesses of Stafford v. Bolton, 1 Bos. & Pull. 40. a part of the plaintiffs’ *91 name, viz. “ of the county of Stafford,” was omitted. Eyre, C. J. said—“A corporation is a mere creature of the crown, having no essence but what is derived from its name. On strict reasoning, therefore, I should be inclined to think, that if a corporation sued by a name that did not belong to it, it would be as nothing.” And a fortiori, if it were defendant, for a judgment against a non-entity would be null: it could not be carried into effect; or if attempted to be executed upon the effects of a real corporation, it would be no protection to the officer against their action. “In the case” (continues the judge) “of a mistake in the name of an existing person having a right to sue, it may be pleaded in abatement. But the case in Brooke, Misnomer 73. seems to put a corporation in the same situation with a natural person as to pleas in abatement: where it is said, in an action by a corporation or a natural body, misnomer of one or the other goes only to the writ; but to say, that there is no such person in rerum natura, or no such body politic, this is in bar, for if he be misnamed, he may have a new writ by the right name ; but if there be no such body politic, or such person, then he cannot have an action. 22 Ed. 4. ch. 34.” And Butter, J. says, “ To make it pleadable in bar, it must appear that there is no such corporation. The Year books are decisive.” Heath, J. was of the same opinion. If then the Branch Bank is sued, and it be no corporation, then the defence is matter of bar, and not of abatement; for if it be matter of abatement, the defendants must give the plaintiffs a better• writ; not by shewing that another person, natural or artificial, is liable, but by admitting their own liability, and giving their true name by which they should be sued.
What has been said is a sufficient answer to the other cases cited. Upon the whole I am well satisfied that the objection is fatal, and whenever disclosed is sufficient to defeat the action. It is matter of bar and as *92 such may be taken advantage of under the plea of non assumpsit, since it shews the defendants never could have assumed in the character in which they have been sued. Moreover, from what has been said, it is clear, that no judgment can be rendered against the corporation since it has not been sued. Nor can any valid judgment be rendered against the defendants, either as natural persons, for they are not sued as such, or as artificial persons, for as such they are not known to the law,
I am of opinion, upon the whole, that judgment was properly given for the defendants; but it should have been without costs; for they are no more entitled to a judgment, than they are subject to one.
Brooke, J.
The preliminary question which has been raised is not a question of jurisdiction, but is nothing more than whether the suit has been properly brought against the proper parties. I therefore preferred, that the cause should be fully heard upon all its merits; but as that has not been the pleasure of the court, I shall confine myself to the question of practice.
I think the case of Tompkins v. The Branch Bank of Virginia was properly decided; and it is conclusive of the point. At first, I was under the impression that this case differed from that in a material circumstance— that there, the point was presented by a demurrer to the declaration; whereas here, there is a special verdict, so that the error might be cured by the statute of jeofails. But upon reflection it seems to me very clear, that the error is not one that can be so cured. The error is, that the suit is brought against persons who have no existence, natural or corporate; against the president and directors of the office of discount and deposit of the Farmers bank of Virginia at Petersburg, not by their names as natural persons, but as a corporation, which they certainly are not. Such an error cannot, upon the broadest construction of the statute of 'jeofails, be comprised *93 among the errors therein mentioned which shall he cured by a verdict. No judgment can be entered upon pleadings and verdict against fictitious or non-existent parties. I concur, therefore, in the opinion, that the judgment must be reversed; though upon the merits of the case, if the suit had been brought against the proper parties, I am not prepared to say, that the plaintiff would not have been entitled to recover.
Allen, J. concurred.
Judgment affirmed, so far as it held that the plaintiff take nothing by his bill, but reversed so far as it gave the defendants their costs.